UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | No. 25-1629 |
| LAW OFFICE OF JAMES A. GRAHAM, LLC, ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is the United States of America's ("plaintiff") motion[1] for default judgment with respect to count two of the complaint[2] filed against defendant Law Office of James A. Graham, LLC ("LOJG"). Within this motion, plaintiff also moves to dismiss any remaining count two claims against James A. Graham ("Graham") and Graham Law & Associates, LLC ("GLA"), and to dismiss count one as to all defendants—LOJG, Graham, and GLA (collectively "defendants").[3] For the reasons stated herein, the Court grants plaintiff's motion for a default judgment on count two against LOJG pursuant to Federal Rule of Civil Procedure 55(b), and grants in part plaintiff's voluntary motions to dismiss the remaining claims pursuant to Rule 41(a).[4]

## I. BACKGROUND

On August 8, 2025, plaintiff filed suit against LOJG, Graham, and GLA. Plaintiff states that LOJG is a Louisiana limited liability company that was the

---

[1] R. Doc. No. 15.
[2] R. Doc. No. 2.
[3] *Id.* at ¶ 9–10.
[4] Plaintiff only brought count two against LOJG and Graham, therefore plaintiff's request to dismiss count two as to GLA is moot. *See* discussion *infra* p. 4.

tenant and lessee of 701 Loyola Avenue, Suites 401, 402, 403A and 403B, New Orleans, Louisiana 70113 ("the business property").[5] GLA is a Louisiana limited liability company that, according to plaintiff, was domiciled at 701 Loyola Avenue, Suite 403, New Orleans, Louisiana 70113.[6] However, GLA was not a party to the lease between the United States and LOJG.[7] Plaintiff also alleges that Graham is a member, agent, and CEO of LOJG, and a member and manager of GLA.[8] Graham also signed the "outlease agreement"[9] ("lease") for the business property on behalf of LOJG.[10]

The lease for the business property between plaintiff and LOJG, as amended on June 1, 2021, set rent at $3,284 per month, termed the lease to end on May 31, 2024,[11] and imposed a late fee of 10% of the amount past due if rent or other required payments were more than ten days late.[12] The lease also provided that if the

> Lessee occupies the Premises beyond the Outlease Term . . . without Lessor's written consent ("Hold Over"), Lessee shall be deemed to occupy the Premises on a month to month basis . . . and all of the terms and provisions of this Outlease shall be applicable during that period, except that Lessee shall pay Lessor a monthly rental rate equal to one hundred fifty percent (150%) of the monthly rent applicable . . . prorated for the number of days of such hold over.[13]

---

[5] R. Doc. No. 2, at ¶¶ 1, 2. The plaintiff owns and leases out the business property through the United States Postal Service ("USPS").
[6] *Id.* at ¶ 3.
[7] *Id. Cf.* R. Doc. No. 2-2, at 1, 4, 8, 12 (listing only LOJG as the lessee and tenant of the business property).
[8] R. Doc. No 2, at ¶ 4.
[9] R. Doc. No. 2-2.
[10] *Id.* at 12.
[11] R. Doc. No. 2-3, at 2.
[12] R. Doc. No. 2-2, at 5.
[13] *Id.* at 10–11.

2

Plaintiff alleges that LOJG has only paid $50,000 of the rent owed for the period February 1, 2022 through May 31, 2024, while the lease was active.[14] Plaintiff also alleges that LOLG occupied the business property beyond the lease end date of May 31, 2024, and despite plaintiff issuing LOJG a notice to vacate on February 3, 2025,[15] defendant did not vacate the business property until October 15, 2025.[16] According to the plaintiff, LOJG has also failed to pay rent for this hold over period after the lease expired, from June 1, 2024 through October 15, 2025.[17] Therefore, in total, and except for the $50,000 already paid, plaintiff alleges that LOJG is delinquent on rent for the period February 1, 2022 through October 15, 2025.

Approximately six months after issuing the notice to vacate, plaintiff filed the present lawsuit, alleging two causes of action resulting from defendants' breach of the lease. Count one states that defendants unlawfully detained plaintiff's real property by failing to vacate the business property after expiration of the lease and receiving a notice to vacate.[18] Count two alleges that LOJG and Graham are indebted for unpaid rent, and associated penalties, administrative fees, and interest, for the

---

[14] R. Doc. No. 2, ¶ 22.
[15] R. Doc. No. 2-4.
[16] *See* R. Doc. No. 2, at ¶¶ 22–24 (explaining the period of nonpayment began February 2022); R. Doc. No. 15, at ¶ 9 (stating defendants vacated the business property on October 15, 2022).
[17] Although plaintiff may have had a claim for 150% of the original monthly rental rate for this "hold over" period, *see supra* note 13 and accompanying text, plaintiff only seeks damages at the original monthly rate of $3,284. *See* R. Doc. No. 15-1, at 3.
[18] R. Doc. No. 2, ¶¶ 29–36.

3

period defendants occupied the business property without paying rent.[19] Count two does not request a monetary judgment against GLA.[20]

Defendants were served with a summons on October 8, 2025,[21] and defendants have failed to answer plaintiff's complaint, file a responsive pleading, or enter an appearance. On December 15, 2025, the Clerk of Court granted an entry of default against defendants, pursuant to Federal Rule of Civil Procedure 55(a), for "their failure to plead or otherwise defend."[22]

Plaintiff's present motion for a default judgment includes two requests for voluntary dismissal pursuant to Rule 41(a). First, because defendants vacated the business property after the filing of this suit and the claim of unlawful detainer is now moot, the Court will grant plaintiff's request to dismiss with prejudice count one as to all defendants. Second, the Court will also grant plaintiff's request to dismiss without prejudice count two as to defendant Graham, and will deny as moot plaintiff's request to dismiss count two as to defendant GLA because count two of the complaint was not filed against GLA.[23]

Now left before the Court is plaintiff's motion for default judgment, with respect to count two, against LOJG. For the reasons stated below, the Court grants

---

[19] R. Doc. No. 2, at ¶¶ 38, 41.
[20] *See id*. at 41 ("[T]he United States requests [monetary] judgment against the [Law Office of James A. Graham, LLC] and Graham . . . for unpaid rent, interest, penalties, and administrative fees.").
[21] R. Doc. Nos. 8–10.
[22] R. Doc. No. 13.
[23] *See supra* note 20 and accompanying text.

4

plaintiff's motion for a Rule 55(b) default monetary judgment against LOJG, in the amount of $105,280.23 plus interest pursuant to 28 U.S.C. § 1961.

## II. LAW & ANALYSIS

### a. Jurisdiction and Venue

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1345 and 39 U.S.C. § 409(a), as this is a lawsuit commenced by the United States on behalf of the United States Postal Service. Additionally, venue in the Eastern District of Louisiana is appropriate pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because this matter concerns the lease of real property situated in this district and LOJG is a legal entity residing in, and organized pursuant to the laws of, Louisiana.[24]

### b. Default Judgment on Monetary Damages for Breach of Lease

In its motion, plaintiff argues that it is entitled to a default judgment of $105,280.23 "plus interest from the date of judgment until paid in full."[25] Pursuant to Federal Rule of Civil Procedure 55(b), a court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required period. Fed. R. Civ. P. 55(b). Before seeking a default judgment, the plaintiff must petition the Clerk of Court for an entry of default pursuant to Rule 55(a), which is simply "a notation of the party's default on the [C]lerk's record of the case." *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (Barbier, J.) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986)) (internal quotation marks omitted). In the instant case,

---

[24] R. Doc. No. 2, at ¶¶ 1, 2, 8.
[25] *Id.* at ¶ 8.

plaintiff has satisfied the requirements of Rule 55(a) and the Clerk has already issued an entry of default against LOJG.[26]

After the Clerk enters a default, the plaintiff may move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b). *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014). The Fifth Circuit has set forth a two-part test to determine whether a default judgment should be entered. First, the court determines whether a default judgment is appropriate under the circumstances, considering several factors, including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "Second, the court must assess the merits of a plaintiff's claims and find a viable claim for relief." *AR Factoring, LLC v. Commonwealth Applied Silica Techs., LLC*, No. 19-1906, 2020 WL 2128474, at *1 (E.D. La. May 5, 2020) (Guidry, J.) (citing *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)).

When considering a motion for default judgment, "the court must accept the well-pleaded factual allegations in the plaintiff's complaint." *Id.* at *2 (citing *Nishimatsu*, 515 F.2d at 1206). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have]

---

[26] *See* R. Doc. No. 13 (order granting plaintiff's motion for entry of default).

6

admitt[ed] conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (internal quotation marks and citation omitted). The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s] 'a sufficient basis in the pleadings.'" *Id.* at 498 (quoting *Nishimatsu*, 515 F.2d at 1206).

No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Generally, the entry of default judgment is committed to the discretion of the district judge." *Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) (internal quotation marks and citation omitted).

If the court concludes that it is appropriate to enter a default judgment, it must then "fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 3991076, at *5 (E.D. La. Sept. 11, 2017) (Vance, J.) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). "In ruling on [] a motion [for a default judgment], the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010)). With respect to damages, the court cannot enter a default judgment without a hearing "unless the amount is liquidated or easily computable." *Richardson v. Salvation Army S. Territory, USA*, 161 F.3d 7, 1998 WL 723820, at *1 (5th Cir. 1998); *see Duncan v. Tangipahoa Par. Council*, No. 08-3840, 2009 WL 2514150, at *1 (E.D. La. Aug. 12,

2009) (Engelhardt, J.) (explaining that "[a] sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note").

Applying the *Lindsey* factors, the Court finds that a default judgment is appropriate. The pleadings have established that: there was an agreement to lease the business property between plaintiff and LOJG for $3,284 per month, with a 10% fee for late payments; LOJG failed to submit timely rental payments, or pay rent at all, for the 44-month and 15-day period from February 1, 2022, through October 15, 2025; and LOJG failed to vacate the business property after the lease expired on May 31, 2024.[27] Therefore, there are no material questions of fact at issue, LOJG is not substantially prejudiced by entry of a default judgment, and the grounds for default are clearly established given the terms of the lease and associated violations. *See Lindsey*, 161 F.3d at 893. Additionally, there is no evidence that the default was caused by a good faith mistake or excusable neglect. *Id*. Further, under the circumstances, the monetary amount that plaintiff requests is not harsh and, as the Court already alluded, appears less than what plaintiff is entitled to pursuant to the lease.[28]

Based on the pleadings, the terms of the lease that LOJG violated, and plaintiff's affidavit,[29] the Court finds that the $105,280.23 that plaintiff seeks as monetary damages is "easily determinable and quantifiable" pursuant to Rule 55(b).

---

[27] *See supra* notes 10 and 16, and accompanying text.
[28] *See supra* note 17, and accompanying text.
[29] *See* R. Doc. Nos. 2, 2-2, 15-1.

8

*See Duncan*, 2009 WL 2514150, at *1–2. The total current unpaid rent that plaintiff seeks is $96,085.03.[30] Additionally, the late fee on the balance owed for the term of the lease agreement, a twenty-eight-month period, amounts to $9,195.20.[31] Accordingly, plaintiff is entitled to damages attributable to the defendant in the amount of $105,280.23.[32]

Plaintiff also requests, and is entitled to, post-judgment interest pursuant to 28 U.S.C. § 1961. Accordingly, the Court will award plaintiff post-judgment interest.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion pursuant to Rule 41(a) to dismiss count one as to all defendants is **GRANTED** and count one is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion pursuant to Rule 41(a) to dismiss count two against defendants Graham and GLA is **GRANTED** as to Graham and **DENIED AS MOOT** as to GLA. Count two against Graham is **DISMISSED WITHOUT PREJUDICE**.

---

[30] February 1, 2022, through October 15, 2025 is forty-four months and fifteen days of unpaid rent. Monthly rent was $3,284. *See* R. Doc. No. 2-3, at 2. The fifteen days are paid at the prorated-daily rent for October. *See* R. Doc. No. 2-2, at 10–11. However, defendant's 2024 payments reduce the total unpaid rent by $50,000. *See* R. Doc. No. 2, at ¶ 38; R. Doc. No. 15-1, at 1.
(44 months x $3,284) + ((15 / 31 days) x $3,284) - $50,000 = $96,085.03
[31] R. Doc. No. 15-1, at 3 (February 1, 2022 through May 31, 2024).
28 months x $3,284 x 10% = $9,195.20
[32] $96,085.03 + $9,195.20 = $105,280.23

9

**IT IS FURTHER ORDERED** that plaintiff's motion for a default judgement against LOJG pursuant to Rule 55(b) is **GRANTED** and that judgment shall be entered in favor of plaintiff and against LOJG in the amount of $105,280.23, plus any interest that may accrue post-judgment pursuant to 28 U.S.C. § 1961.

New Orleans, Louisiana, March 9, 2026.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**